**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-CR-300-RDA** |
| | ) | |
| **JAMON KANEE MURPHY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO SUPPRESS ALL EVIDENCE
FROM WARRANTLESS SEARCH AND ARREST**

Comes Now the Defendant, Jamon Murphy, by and through counsel, Jeffrey Zimmerman, and moves this Court to suppress all evidence obtained from the warrantless search and arrest of Defendant Jamon Kanee Murphy on or about April 2, 2025, as well as the warrantless search of the vehicle in which he was found, and the fruits of that evidence.  Specifically, Defendant moves to suppress (i) the firearm recovered from the vehicle and (ii) all evidence derived from the warrantless searches, including any ammunition, additional firearms, alleged controlled substances, observations, and statements.

**I.      BACKGROUND**

Defendant Jamon Murphy is currently facing a two-count indictment charging him with Count 1: Conspiracy to Distribute 400 Grams or More of Fentanyl, pursuant to 21 U.S.C. §§ 841(a)(1) and 846; and Count 2: Felon in Possession of a Firearm, pursuant to 18 U.S.C. § 922(g)(1). *See* ECF 21.

On or about April 2, 2025, officers with the Prince William County Police Department responded to a report described a "suspicious, possibly armed person, wearing a face mask" seen "entering a black Audi sedan involving an individual wearing a face mask in front of a tobacco

1

store in the area of Sudley Road. *See Affidavit*, ECF 2 at ¶ 6. Responding officers encountered a parked black Audi sedan and identified the occupants as Defendant Murphy (driver) and "Individual-1," "Individual-2," and "Individual-3." *Id.* at ¶¶ 7-8. Individual-1 (not Murphy) was seen wearing a black face mask. *Id.* at ¶ 9. Officers observed a folding knife with a blade extended near Individual-1. *Id.* While waiting for Individual-1 to exit the vehicle, officers claim they observed Murphy "who was seated in the driver's seat, leaning forward and concealing his hands in front of his body near the bottom of the driver's seat." *Id.* at ¶ 10. Murphy exited the vehicle and was detained. *Id.* Individual-2 fled and was apprehended following a foot pursuit. *Id.* at ¶ 11. After he was apprehended, a 9mm pistol was discovered in a wooded area where he had been seen during the pursuit. *Id.*

The *Affidavit* seeks to justify a subsequent warrantless search of the vehicle as follows: "Due to the initial call for service regarding suspicious activity possibly involving firearms, the presence of multiple individuals inside the vehicle, the discovery of bladed weapons, the refusal of the vehicle's occupants to comply with law enforcement commands, the furtive movements made by MURHPY [sic] and observed by officers, and the pursuit and apprehension of Individual-2, officers then searched the vehicle." *Id.* at ¶ 12. The *Affidavit* asserts that, under the driver's seat, officers located a Taurus G2c 9mm pistol, a magazine containing ammunition, and a plastic baggie containing suspected crack cocaine. *Id.* at ¶ 13.

Murphy was then subject to warrantless arrest, questioning, and a warrantless search of his person. *Id.* at ¶ 14. "A search of MURPHY's person discovered U.S. currency in both his pants pockets and the identification card of another individual, whom he identified as his girlfriend. Among the U.S. currency located on MURHPY's [sic] person was a folded dollar bill with a white powdery substance suspected to be cocaine." *Id.* Officers then interviewed Individual-1 who they

2

claim made statements that incriminate Murphy. *Id.* at 15.

## II.    LEGAL STANDARD

The Fourth Amendment protects individuals against unreasonable searches and seizures. Warrantless searches are "per se unreasonable" unless they fall within a recognized exception. *See Katz v. United States,* 389 U.S. 347, 357 (1967). The government bears the burden of proving the legality of the search and seizure of evidence obtained without a warrant and evidence derived therefrom. *See Welsh v. Wisconsin,* 466 U.S. 740, 749–50 (1984). Evidence obtained as a result of an unconstitutional search must be suppressed as fruit of the poisonous tree. *See Wong Sun v. United States,* 371 U.S. 471, 484–85 (1963).

## III.    ARGUMENT

### A.    Officers Lacked Reasonable Suspicion To Detain The Occupants Of The Vehicle

Police may briefly detain individuals only if they have reasonable suspicion supported by specific and articulable facts that criminal activity is afoot. *See Terry v. Ohio,* 392 U.S. 1, 21–22 (1968) Here, officers responded only to a report of a "suspicious person, possible armed person, wearing a face mask." See Affidavit, ECF 2 at ¶ 6. Such vague and uncorroborated information does not justify a detention. The Supreme Court has held that anonymous reports of a person carrying a gun, without more, do not create reasonable suspicion. *See Florida v. J.L.,* 529 U.S. 266, 270–71 (2000). Similarly, the Fourth Circuit has repeatedly held that mere presence in a high-crime area or vague suspicion is insufficient. *See, e.g., United States v. Black,* 707 F.3d 531, 539–40 (4th Cir. 2013).  Here, the affidavit identifies no criminal activity whatsoever when officers approached the vehicle. The occupants were simply sitting in a parked car outside a store. Thus the detention was unconstitutional.

**B.        The Warrantless Search Of The Vehicle Violated The Fourth Amendment**

After detaining the occupants, officers conducted a warrantless search of the vehicle and discovered a firearm under the driver's seat. The search was not justified by any recognized exception. For example, under the automobile exception, officers may search a vehicle and the containers within it only if they have probable cause to believe it contains contraband. *See California v. Acevedo,* 500 U.S. 565, 580 (1991). None of the bases asserted in the *Affidavit* establish probable cause that Murphy possessed a firearm or that a gun was located under the driver's seat. The argument primarily comes down to asserting that an anonymous tip and "furtive" movements justify the warrantless search. *See Affidavit,* ECF 2 at ¶ 12. This is not enough to justify a warrantless search. *See, e.g., United States v. Massenburg,* 654 F.3d 480, 491 (4th Cir. 2011).

WHEREFORE, the Defendant respectfully moves this Court to suppress the firearm recovered from the vehicle and all evidence derived from the warrantless searches, including any ammunition, additional firearms, alleged controlled substances, observations, and statements.

Respectfully submitted,

JAMON KANEE MURPHY
By Counsel


_____/s/_____
Jeffrey Zimmerman, Esq. VSB #38858
Jeffrey Zimmerman, PLLC
108 N. Alfred Street
Alexandria, VA 22314
Tel: (703) 565-1825 Fax: (703) 548-8935
Email Address: www.zimpacer.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of March 2026, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record.

_____/s/_____

Jeffrey Zimmerman
